UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ALLSTATE VEHICLE AND PROPERTY  Case No. 21-CV-0115 (PJS/TNL)
INSURANCE CO.,

     Plaintiff,

                 ORDER

v.

ALAN M. POWELL and SANDRA WEISE,

     Defendants.

---

  Sean G. Kelly and Brian A. Wood, LIND JENSEN SULLIVAN & PETERSON, P.A., for plaintiff.

  Sylvia Ivey Zinn and John P. Brendel, BRENDEL & ZINN, LTD., for defendant Alan M. Powell.

  Cassandra B. Merrick and Ellen Wickham, MADEL P.A., for defendant Sandra Weise.

  Defendant Alan M. Powell was covered by an insurance policy issued by plaintiff Allstate Vehicle and Property Insurance Co. ("Allstate"). After defendant Sandra Weise sued Powell in state court for sexual assault, Allstate brought this coverage action, seeking a declaration that it has no obligation under Powell's policy to defend or indemnify him in Weise's lawsuit. This matter is before the Court on Allstate's motion for summary judgment. For the reasons that follow, the motion is granted.

I.  BACKGROUND

*A.  Powell's Policy*

Powell's House & Home Policy with Allstate ("the Policy") covered the period January 6, 2018, through January 6, 2019.  ECF No. 1-1 at 5.[1]  Under "Coverage X" (Family Liability Protection), the policy provides that:

> [Allstate] will pay damages which [Powell] becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy. . . .
>
> If [Powell] is sued for these damages, [Allstate] will provide a defense with counsel of [its] choice, even if the allegations are groundless, false or fraudulent.

*Id.* at 33.[2]

The Policy also contains "Coverage Y" (Guest Medical Protection), under which Allstate "will pay the reasonable expenses incurred for necessary medical . . . services" resulting from "an occurrence causing bodily injury to which [the] policy applies."  *Id.* at 35.  As relevant to this case, Coverage Y is triggered if the injured person is "off the insured premises" and the injury "is caused by the activities of" Powell.  *Id.*

---

[1] Page numbers in record citations refer to the pagination in the computer-generated banner superimposed on items docketed in ECF, not to any form of pagination internal to the documents.

[2] Certain terms that are specially defined in the policy are boldfaced.  The Court will not reproduce that boldface here.

Excluded from both of these coverages is "any bodily injury . . . intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of" Powell. *Id.* at 33, 35.

### B. *Procedural History*

In February 2020, Weise filed a complaint against Powell in Minnesota state court. ECF No. 27-1 at 56. She alleged that, in August 2018, Powell committed common-law assault and battery by having sex with her without her consent in a hotel room near Minneapolis. *Id.* The details of Weise's allegations need not be recounted here. It suffices to say that her complaint describes an unambiguously intentional, nonconsensual sexual assault. *See generally* ECF No. 1-2. In November 2020, Weise amended her complaint to add a negligence claim without adding any additional factual allegations. *Id*. at 8–9 (alleging that Powell owed a duty of care to Weise, breached that duty, and injured Weise as a result).

In January 2021, Allstate filed this action, seeking a declaratory judgment that it has no obligation under either Coverage X or Coverage Y to defend or indemnify Powell in Weise's suit. ECF No. 1. Allstate named Weise as a defendant in this action, alleging her to be an indispensable party under Fed. R. Civ. P. 19. *Id.* ¶ 10. After Powell and Weise answered Allstate's complaint, ECF Nos. 6, 18, Allstate moved for summary judgment, ECF No. 20. On February 15, 2022, before the Court had issued its ruling,

Allstate withdrew its motion because it anticipated that the parties would reach a settlement "shortly." ECF No. 31; *see also* ECF No. 32 (denying Allstate's original summary-judgment motion without prejudice).

The parties were unable to reach a settlement, so Allstate renewed its motion for summary judgment on June 8, 2023. ECF No. 47. The matter is now before the Court on Allstate's renewed motion.

## II.  ANALYSIS

Allstate offers two reasons why Powell's conduct is not covered under the Policy: (1) his conduct is not an "occurrence" that would trigger Coverage X or Coverage Y because the conduct was intentional, not accidental; and (2) the Policy's intentional and criminal acts exclusion bars coverage. In response to these arguments, Powell contends that his conduct is covered by the Policy because Weise brought a negligence claim against him—a claim that, according to Powell, "is not premised on an intentional tort." ECF No. 26 at 11.

### A.  Standard of Review

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute over a fact is "material" only if its resolution might affect the outcome of the suit under the governing substantive law. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

### *B. Powell's Conduct Is Not Covered Under the Policy*

This case presents a familiar fact pattern: A plaintiff sues a defendant, alleging that the defendant sexually assaulted her. In a transparent attempt to trigger insurance coverage, the plaintiff includes a negligence claim in her complaint. The defendant's insurer then brings a coverage action, seeking a declaration that, notwithstanding the presence of the negligence claim, the insurer is not required to defend or indemnify the defendant in the sexual-assault litigation.

Two matters distinguish this case: First, because the Policy contains a confusing choice-of-law clause, the parties dispute whether the law of Arizona (where Powell's residence is located) or the law of Minnesota (where the alleged assault occurred) applies. Second, Weise has appeared in this declaratory action—after having amended her state-court complaint to include a negligence claim—to argue *against* extending coverage to Powell, characterizing her negligence claim as an (uncovered) negligence per se claim. But these idiosyncracies ultimately do not matter. The Court will assume without deciding that Powell is correct (1) that Minnesota law governs the Policy and

(2) that Weise's complaint states a common-law negligence claim. Even under these assumptions, Allstate is not obligated to defend or indemnify Powell.

There is a long line of cases in Minnesota—now more than 30 years old—holding that, even if a complaint attempts to characterize a sexual assault as "negligence," intent to cause harm will be presumed as a matter of law. *See, e.g., Allstate Ins. Co. v. Steele*, 74 F.3d 878, 880 (8th Cir. 1996) ("Minnesota courts 'infer an intent to cause bodily injury as a matter of law' whenever an insured party sexually assaults another person . . . ." (quoting *State Farm Fire & Cas. Co. v. Williams*, 355 N.W.2d 421, 424 (Minn. 1984))); *Allstate Ins. Co. v. S.F.*, 518 N.W.2d 37, 41 (Minn. 1994) ("Complainant's 'negligence' allegation is essentially that the insured, as well as his co-defendants, intended or expected to sexually assault her when they allowed themselves to enter her home, thereby placing her within a zone of danger. We do not believe an insurer has a duty to defend or indemnify an insured for such a claim.").

That line of cases is dispositive here. Weise's complaint plainly alleges an intentional sexual assault; there is nothing negligent or careless about the conduct that she describes. Intent to harm is presumed, and Powell's conduct falls within the Policy's intentional-acts exclusion. Allstate has no duty to defend or indemnify Powell.[3]

---

[3] The outcome would not change even if Arizona law governs the Policy. *See, e.g., N. Ins. Co. of N.Y. v. Morgan*, 918 P.2d 1051, 1052, 1054–55 (Ariz. Ct. App. 1995) (holding that, despite claim of negligent infliction of emotional distress alleged in
(continued...)

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for summary judgment [ECF No. 47] is GRANTED.

2. The Court DECLARES that plaintiff has no duty to defend or indemnify defendant Alan M. Powell with respect to the allegations made in the Second Amended Complaint filed in *Weise v. Powell*, No. 27-CV-20-2561, in the Minnesota District Court, Fourth Judicial District, Hennepin County.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 20, 2023

s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court

---

[3](...continued) underlying tort suit, no reasonable jury could find that defendant had acted negligently; complaint was a "transparent attempt to trigger insurance coverage by characterizing allegations of tor[tious] conduct under the guise of negligent activity" (quoting *Linebaugh v. Berdish*, 376 N.W.2d 400, 406 (Mich. Ct. App. 1985))); *Cont'l Ins. Co. v. McDaniel*, 772 P.2d 6, 8 (Ariz. Ct. App. 1988) (holding that conduct alleged by victim of sexual harassment was "so certain to cause injury" that alleged harasser's "intent to cause harm is inferred as a matter of law").